IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 14 2017

CLERK, U.S. DISTRICT COURT
By_____
                  Deputy

DALE LOUIS HOLLOWAY,                  §
                                      §
            Petitioner,               §
                                      §
v.                                    §      No. 4:17-CV-744-A
                                      §
LORIE DAVIS, Director,                §
Texas Department of Criminal          §
Justice, Correctional                 §
Institutions Division,                §
                                      §
            Respondent.               §

## MEMORANDUM OPINION
## and
## ORDER

     This is a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 filed by petitioner, Dale Louis Holloway, a

state prisoner confined in the Correctional Institutions Division

of the Texas Department of Criminal Justice (TDCJ), against Lorie

Davis, director of TDCJ, respondent. The petition was transferred

from the Dallas division to this division. After having

considered the pleadings and relief sought by petitioner, the

court has concluded that the petition should be summarily

dismissed as an unauthorized successive petition. No service has

issued upon respondent.

## I.  Factual and Procedural History

     Petitioner continues to serve his life sentence on his 1984

conviction in Tarrant County, Texas, Case No. 0226715R, for aggravated sexual abuse. (Pet. at 2.) Petitioner has filed a prior federal habeas petition in this court challenging the same conviction. (Pet., Holloway v. Scott, No. 4:97-CV-324-Y, ECF No. 1.[1])

## II. Issues

In five grounds, petitioner raises the following claims:

➢ New evidence shows that his trial counsel withheld material exculpatory evidence in the form of a 1985 sworn affidavit by an important witness, Benny Williams;

➢ His trial counsel conspired with the state's counsel to keep witnesses to the actual event from the stand;

➢ His trial counsel knowingly and intentionally withheld information in favor of petitioner's innocence claim by refusing to put Williams on the stand and destroying Williams's affidavit;

➢ "Court ruling proves that withholding of the witnesses in the police report" violated petitioner's rights to equal protection and due process; and

➢ His trial counsel misled petitioner and the state bar by claiming that he contacted and interviewed all witnesses.

(Pet. 6-7b, ECF No. 1.)

---

[1]The court takes judicial notice of the state court records filed in petitioner's prior federal habeas action in *Holloway v. Scott*, Case No. 4:97-CV-324-Y.

### III. Successive Petition

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A).

Petitioner acknowledges that he has filed a prior federal habeas petition challenging his 1984 conviction but asserts that the so-called newly discovered evidence was not available to him when he filed the prior petition. (Pet. at 9.) However, claims based on alleged newly-discovered evidence or a factual predicate not previously discovered are successive. *Garcia v. Quarterman,* 573 F.3d 214, 221 (5th Cir. 2009). Nor does an actual innocence claim authorize a district court to ignore or bypass the

3

constraints on successive petitions under § 2244(b)(3)(A).

Therefore, from the face of this petition, it is apparent that this is a successive petition, and petitioner has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition. *See United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999).

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED September ___14___, 2017.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE